## Graham's Estate

*Brockway & Whitla,* for Commonwealth; *W. C. Petit,* for accountant.

McLAUGHREY, P. J., January 17, 1932.—This comes before the court on an appeal from appraisement of property of Charlotte Graham for inheritance tax purposes. The appraisement made is as follows:

| | |
|---|--:|
| Household goods | $1,000.00 |
| Jewelry | 2,150.00 |
| Ten shares of capital stock in Grove City National Bank. | 2,300.00 |
| Thirteen shares of capital stock in First National Bank of Grove City, Pa. | 2,905.50 |
| Dwelling house and lot on west side of Pine Street, at No. 234, Borough of Grove City, Pa. | 6,800.00 |
| Business block on west side of Broad Street, Borough of Grove City, Pa. | 11,000.00 |
| Business block on west side of Broad Street, Borough of Grove City, Pa. | 13,000.00 |
| | $39,155.50 |

It is claimed that all of the above items except the first and second consist of property that belonged to M. W. Graham, a son of Charlotte Graham, and therefore should not be assessed for inheritance tax purposes as part of the estate of Charlotte Graham. Testimony presented at the hearing shows that Charlotte Graham died in the Borough of Grove City on June 3, 1923, aged seventy-six years, being ill less than a week, and the cause of her death being pneumonia. It is evident that the bank stock and real estate were at one time the property of Charlotte Graham. The question is whether or not the same were transferred during her lifetime, and if so, whether it was done in contemplation of death.

At the time of the hearing objection was made by the Commonwealth to the testimony of M. W. Graham as incompetent to testify to any statements of his mother, Charlotte Graham, relative to transferring her property to him, the objection being that, he being one of the parties to the transfer and the other party thereto being dead, the surviving party is incompetent to testify to conversations leading up to the contract. At the time of the hearing we admitted the testimony, with the statement that we would rule upon the question of its competency when considering the case. From an examination of this question, we are of the opinion the objection should have been sustained, and in determining the matter before us, we are considering the testimony of M. W. Graham

incompetent as far as it relates to conversations with Charlotte Graham with respect to the transfer of the property.

In the case of Barber's Estate, 304 Pa. 235, 240, the Supreme Court said:

"As the Commonwealth is seeking to impose a tax on the property, the burden is on it to show that it clearly came within the tax statute. If there is doubt or uncertainty as to the imposition of the tax, that doubt or uncertainty should be resolved in favor of the taxable."

There are three pieces of real estate in the appraisement. The evidence shows by a deed presented that on May 6, 1920, Charlotte H. Graham had a deed prepared conveying the said three pieces of property in Grove City to her son M. W. Graham for the "consideration of one dollar and other good and valuable considerations;" that on November 22, 1921, Charlotte H. Graham and M. W. Graham went to the office of M. L. McBride, a notary public, where the deed was acknowledged by Charlotte H. Graham, and the same was witnessed by M. L. McBride and Josephine Frew, and that the deed was there delivered to M. W. Graham. These properties seem to have been conveyed on November 22, 1921, while Charlotte Graham was in good health, and she lived until June 3, 1923. We are unable to find any reason why these pieces of real estate should be regarded as part of the estate of Charlotte H. Graham. It is true that the deed was not recorded, but we think that is immaterial. The real estate became the property of M. W. Graham at the delivery of the deed, and he was then in a position to transfer it and give a good title at any time thereafter. We are without any testimony that would justify the conclusion that the conveyancing of the real estate was made in contemplation of death. There is no evidence showing that the transfer of the real estate was conditional, or that the transfer was to take effect at death. The evidence is that Charlotte Graham was in good health at the time of the transfer, and continued in such condition until a few days before her death.

The only evidence we have of any claim on her part to the real estate after the delivery of the deed is that a tenant of one of the properties made the check payable to her after the transfer of the property, the same as before the transfer. This, we think, can be given very little weight, as the same witness testified that M. W. Graham looked after the property, making such repairs as were necessary, and it is easily to be seen that in view of the relationship and association of M. W. Graham and his mother it was immaterial how the tenant would make out the check in payment of the rent.

As to the transfer of ten shares of stock in the Grove City National Bank and thirteen shares of stock in the First National Bank of Grove City, under the testimony of E. B. Harshaw and F. W. Daugherty, we are unable to find that the transfers were completed so as to become the property of M. W. Graham during the lifetime of Charlotte Graham, and the said stock was, therefore, properly appraised as part of her estate. We find, therefore, that the estate of Charlotte Graham as appraised consists of the following:

| | |
|---|---:|
| Household goods | $1,000.00 |
| Jewelry | 2,150.00 |
| Ten shares stock, Grove City National Bank | 2,300.00 |
| Thirteen shares stock, First National Bank of Grove City | 2,905.50 |
| | $8,355.50 |
| Deduction for debts, funeral expenses, etc | 1,061.60 |
| Amount for taxation | $7,293.90 |

From W. G. Barker, Mercer, Pr.